## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Lisa Bailey Carr,            )
                               )
               Plaintiff,        )
                               )
vs.                           )     Case No. 22-2150
                               )
Unified Government of Wyandotte  )
County/Kansas City, Kansas      )
                               )
              Defendants.    )

## UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/
## KANSAS CITY, KANSAS' ANSWER TO COMPLAINT

COMES NOW, Defendant Unified Government of Wyandotte County/Kansas City, Kansas, by and through its counsel, Ryan B. Denk and Spencer A. Low of McAnany, Van Cleave & Phillips, P.A., and submits the following Answer to Plaintiff's Complaint.

1.      Paragraph 1 of Plaintiff's Complaint does not set forth any factual allegations and merely purports to define the nature of this action.  To the extent an answer is required, Defendant admits that Plaintiff's Complaint seeks monetary damages; however, Defendant denies Plaintiff's entitlement to such damages and denies all remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## Parties, Jurisdiction and Venue

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.     Defendant admits that Plaintiff is an African American female and that Plaintiff is 56-years old.  The allegation that Plaintiff is disabled as defined by the ADA calls for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is disabled as defined by the ADA and therefore denies the same.  Defendant admits that Plaintiff has been employed by Defendant since February 22, 2005, but the allegation that Plaintiff was a "devoted, loyal and productive employee" is too vague, ambiguous and argumentative to enable this answering defendant to admit the same and accordingly Defendant denies the same.  Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits that Plaintiff is employed by the Unified Government of Wyandotte County/Kansas City, Kansas ("UG") and that the UG's offices are located at 701 N. 7th Street, Kansas City, Kansas.  Defendant admits that it is a municipal corporation organized and existing under the laws of the State of Kansas.  Defendant admits that it is an employer within the meaning of §1981, Title VII, the ADA, and the ADEA.  The allegations regarding personal jurisdiction call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant admits that the Court has personal jurisdiction over it.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     The allegations set forth in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, the allegations contained Paragraph 12 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering defendant to admit the same and accordingly Defendant denies the same.

13.     The allegations set forth in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, the allegations contained Paragraph 13 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering defendant to admit the same and accordingly Defendant denies the same.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits that this Court has personal jurisdiction over it.  Defendant denies that it has committed any tortious acts.  Defendant denies all other allegations contained in Paragraph 15 of Plaintiff's Petition.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Petition.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Petition.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Petition.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Petition.

20.     The allegations set forth in Paragraph 20 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant admits that the Court has personal jurisdiction over it.  The remaining allegations within Paragraph 20 are denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

25.     Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations contained Paragraph 36 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering defendant to admit the same and accordingly Defendant denies the same.

37.     Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits that Plaintiff's position transitioned to 12.25-hour shifts as the result of collective bargaining.   Defendant denies all other allegations contained in Paragraph 39 of Plaintiff's Compliant.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

41.     Defendant admits that on May 6, 2020, Major Rance Quinn notified plaintiff that she needed a medial release from her provider to work her regular 12.25-hour shifts, and that without such release she could work the Part Time A position.   Defendant denies all other allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained Paragraph 42 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering defendant to admit the same and accordingly Defendant denies the same.

43.     Defendant admits that at some point following her work injury Plaintiff was asked about her work injury.   The remaining allegations contained in Paragraph 43 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

44.     Defendant admits that Plaintiff was not on the roster for multiple days because her medical restrictions prevented it.   The remaining allegations contained in Paragraph 44 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

45.     Defendant admits that it has made reasonable accommodations in the past for dispatchers.   Defendant denies that "911" has taken any actions, or that it is an entity that exists.

The remaining allegations contained in Paragraph 44 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant admits that in Plaintiff's June 2020 performance review she wrote, "I do feel that I have been discriminated against but not by in-house mgmt." Defendant denies all other allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52.     Defendant admits that Plaintiff accepted the position of Part Time A on June 9, 2020. Defendant denies all other allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant admits that Plaintiff provided a statement to Internal Affairs on June 22, 2020.  Defendant denies all other allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of Plaintiff's Complaint and therefore denies the same.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of Plaintiff's Complaint and therefore denies the same.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of Plaintiff's Complaint and therefore denies the same.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiff's Complaint and therefore denies the same.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of Plaintiff's Complaint and therefore denies the same.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of Plaintiff's Complaint and therefore denies the same.

66.     The allegations set forth in Paragraph 66 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant denies the allegations contained Paragraph 66 of Plaintiff's Complaint.

## COUNT I-
**Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)**

67.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 11 of Plaintiff's Complaint.

## COUNT II-
**Prohibited Disability Discrimination (in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112"))**

71.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

72.     The allegations set forth in Paragraph 72 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant denies the allegations contained Paragraph 72 of Plaintiff's Complaint.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of Plaintiff's Complaint and therefore denies the same.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of Plaintiff's Complaint and therefore denies the same.

77.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 12 of Plaintiff's Complaint.

<u>COUNT III-</u>
**Prohibited Race Discrimination in Violation of 42 U.S.C. §1981 and in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)**

78.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

79.     Defendant admits the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     The allegations contained in Paragraph 82 of Plaintiff's Complaint are too vague, ambiguous and argumentative to enable this answering Defendant to admit the same and accordingly, Defendant denies the same.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 14 of Plaintiff's Complaint.

<u>**COUNT IV-**</u>
**Prohibited Disability Discrimination (in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112"))**

91.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

92.     The allegations set forth in Paragraph 92 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant denies the allegations contained Paragraph 92 of Plaintiff's Complaint.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of Plaintiff's Complaint and therefore denies the same.

94.     Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of Plaintiff's Complaint and therefore denies the same.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 15 of Plaintiff's Complaint.

**COUNT V-**
**Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)**

98.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Petition.

100.    Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Petition.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Petition.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 16 of Plaintiff's Complaint.

**COUNT VI-**
**Prohibited Retaliation (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")**

102.    Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Petition.

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Petition.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Petition.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Petition.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 16 of Plaintiff's Complaint.

## COUNT VII-
## FMLA INTERFERENCE AND RETALIATION

107.     Defendant incorporates its answers to each paragraph of its Answer as if fully set forth herein.

108.     The allegations set forth in Paragraph 108 of Plaintiff's Complaint call for a legal conclusion which does not require an admission or denial from Defendant.  To the extent an answer is required, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 108 of Plaintiff's Complaint and therefore denies the allegations contained Paragraph 108 of Plaintiff's Complaint.

109.     Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Petition.

110.     Defendant admits that Plaintiff has a federal right to FMLA leave.  Defendant admits that Plaintiff has requested FMLA leave during her employment.   Defendant denies all other allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.     Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Petition.

112.     Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Petition.

113.     Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Petition.

114.     Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Petition.

115.     Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Petition.

WHEREFORE, Defendant denies that Plaintiff is entitled to the recovery sought in the unnumbered paragraph on page 16 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought on pages 18 and 19 of Plaintiff's Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to properly mitigate her damages, if any.

3. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies or otherwise satisfy any conditions precedent in order to maintain her claims against Defendant.

4. Plaintiff's claims are barred or limited to the extent they were not included in a timely-filed charge of discrimination.

5. Plaintiff lacks standing.

6. Plaintiff's claims under Title VII, the FMLA, the ADA and/or the ADEA, if any, are limited to the claims set forth in her EEOC charge.

7. Plaintiff's damages, if any, are limited, in whole or in part, by the Civil Rights Act of 1991 (42 U.S.C. § 1981a) and any other applicable damage caps.

8. Defendant has, at all times, acted in good faith without fraud or malice and in the exercise of its business judgment for legitimate non-discriminatory, non-retaliatory reasons and, assuming *arguendo* that either Plaintiff's age, race and/or any protected activity under Title VII, §1981, the ADA, or the ADEA was a consideration in any adverse employment actions alleged by Plaintiff, which is denied, those actions would still have been taken based on those other legitimate reasons.

9. Plaintiff's claims for back or front pay, if any, must be offset by her interim or imputed earnings, to include any unemployment compensation benefits received by Plaintiff.

10. Defendant exercised reasonable care to prevent and correct promptly any alleged

discrimination or retaliation and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Plaintiff is not entitled to punitive or exemplary of any kind against Defendant. *See* 42 U.S.C. §1981a(b)(1); 29 U.S.C. §626(b); *Conchola v. Kansas City,* No. CIV.A.98–2155–GTV, 1999 WL 183931 at *1 (D. Kan., March 31, 1999).

12. Defendant's alleged conduct does not rise the level of a willful violation of the ADEA and accordingly, liquidated damages are not supported. 29 U.S.C. §626(b).

13. Plaintiff cannot recover both liquidated damages and prejudgment interest under the ADEA.

14. Defendant made reasonable accommodations for Plaintiff's known physical and mental limitations.

15. Plaintiff's claims are barred or reduced, in whole or in part, by the Kansas Tort Claims Act, K.S.A. 75-6101, *et seq.*

16. Any tort claims brought by the Plaintiff are barred due to plaintiff's failure to comply with K.S.A. 12-105b.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

18. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

19. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

20. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorneys' fees, incurred in defending this action.

21. Defendant reserves the right to assert any further defenses which may become apparent during the course of discovery.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone (913) 371-3838
Fax (913) 371-4722
Email: rdenk@mvplaw.com
      slow@mvplaw.com

By: */s/ Ryan B. Denk*
    Ryan B. Denk #18868
    Spencer A. Low  #27690

*Attorneys for Defendant Unified Government of*
*Wyandotte County/Kansas City, Kansas*

## Certificate of Service

The undersigned certifies that on this 21st day of April, 2022 a true and accurate copy of the foregoing was served electronically via email and the court's ECF/EMF system upon:

Gerald Gray II, #26749
G. Gray Law, LLC
104 W. 9th Street, #491
Kansas City, Missouri 64105
Phone: (816) 888-3145
Fax: (816) 817-4683
ggraylaw@outlook.com

*Attorneys for Plaintiff*

        /s/ *Ryan B. Denk*