## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Lisa Bailey Carr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-2150 |
| | ) | |
| Unified Government of Wyandotte | ) | |
| County/Kansas City, Kansas | ) | |
| | ) | |
| Defendants. | ) | |

## STATE COURT RECORDS

COMES NOW, Defendant, by and through undersigned counsel of record, and pursuant to

D.Kan.R. 81.2, provides the State Court documents for the removed case from the District Court

of Wyandotte County, Kansas, case number 2022-CV-000064.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone (913) 371-3838
Fax (913) 371-4722
Email: rdenk@mvplaw.com
        slow@mvplaw.com

By: /s/ Ryan B. Denk
    Ryan B. Denk #18868
    Spencer A. Low  #27690

*Attorneys for Defendant Unified Government of*
*Wyandotte County/Kansas City, Kansas*

**<u>Certificate of Service</u>**

The undersigned certifies that on this 22nd day of April, 2022 a true and accurate copy of the foregoing was served electronically via email and the court's ECF/EMF system upon:

Gerald Gray II, #26749
G. Gray Law, LLC
104 W. 9th Street, #491
Kansas City, Missouri 64105
Phone: (816) 888-3145
Fax: (816) 817-4683
ggraylaw@outlook.com
*Attorneys for Plaintiff*

/s/ *Ryan B. Denk*

8BX5538.DOCX

# Wyandotte County District Court Search - Case Display

## Case Number: 64

| | |
|---|---|
| Case Year: 2022 | Case UID: 2022-CV-000064 |
| Case Type: CV | Filed: 2022-02-02 |
| Case Sub-type: Employment Dispute-Discrimination | Last Updated: 2022-02-03 at 08:36:24 |
| Advisement Date: | Remand Date: |
| Appealed: N | Appealed Date: |
| Status Code: 1 | Status Date: |
| Status Description: Pending | |

## Defendants

### Party

| Defendant Number: 1 |
|---|

| Last Name (or Business Name): The Unified Government of Wyandotte County/Kansas | | |
|---|---|---|
| First Name: | Middle: | Suffix: |

### Description

| Sex: | Race: |
|---|---|
| Height: | Weight: |

### Alias 1

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|

### Alias 2

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|

**Alias 3**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 6**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 7**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 8**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 9**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 10**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 11**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 12**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 13**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 14**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 15**

| Last Name: | First: | Middle: | Suffix: |
|---|---|---|---|
| | | | |

**Alias 20**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 21**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 22**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 23**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 24**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 25**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 26**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

**Alias 27**

| Last Name: | First: | Middle: | <u>Suffix</u>: |
|---|---|---|---|
| | | | |

## Plaintiff

**Party**

| Plaintiff Number: 1 | Amount Claimed: 0.00 |
|---|---|

| Last Name (or Business Name): Bailey Carr | | |
|---|---|---|
| First Name: Lisa | Middle: | <u>Suffix</u>: |

**Description**

| Sex: | Race: |
|------|-------|
| Height: | Weight: |

**Plaintiff Attorney**

| Last Name: Gray | First: Gerald | Middle: |
|-----------------|---------------|---------|
| Primary Attorney: Y | Court Appointed: N | Conflict Attorney: N |
| Withdrawn: N | Send Notices: Y | |
| Practice or Office: | | |

## Case Judge

| Last Name: Alvey | First: Constance | Middle: M | Suffix: |
|------------------|------------------|-----------|---------|

## Registry of Actions

### Action 1

| Action Date: 2022-02-02 | Action Type: AOR |
|-------------------------|------------------|
| Action Agent: Constance M Alvey | |
| Description: Plaintiff: Bailey Carr, Lisa Attorney of Record Gerald Gray II | |

### Action 2

| Action Date: 2022-02-02 | Action Type: PLEPET |
|-------------------------|---------------------|
| Action Agent: Constance M Alvey | |
| Description: Plaintiff's Petition for Damages PLE: Petition | |

### Action 3

| Action Date: 2022-02-04 | Action Type: |
|-------------------------|--------------|
| Action Agent: Constance M Alvey | |
| Description: Email Sent Date: 02/04/2022 08:37 am To: Jennifer Domenick <j.domenick@swrllp.com> File Attached: PLAINTIFF'SPETITIONFORDAMAGES.pdf Name of Document: Plaintiff's Petition for Damages | |

**Action 4**

| Action Date: 2022-03-21 | Action Type: ISSD |
|---|---|
| Action Agent: | |
| Description: Summons: Issued on 03/21/2022; to Unified Government of Wyandotte County and Kansas on 03/21/2022; Assigned to Sheriff. Service fee of $0.00. | |

**Action 5**

| Action Date: 2022-03-21 | Action Type: PLESUM |
|---|---|
| Action Agent: Constance M Alvey | |
| Description: Summons PLE: Summons | |

© 2022 **Office of Judicial Administration (http://www.kscourts.org)**

ELECTRONICALLY FILED
2022 Mar 21 AM 10:31
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2022-CV-000064

Lisa Bailey Carr

vs.

Unified Government of Wyandotte County and Kansas

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Unified Government of Wyandotte County and Kansas**
**701 N. 7th Street**
**Kansas City, KS  66101**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Gerald Gray, II
2700 Harrison St.
KANSAS CITY, MO 64109

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 03/21/2022 11:44:08 AM

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2022 Feb 02 PM 11:56
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000064

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| **LISA BAILEY CARR** | ) | |
| **R6337 Farrow Avenue** | ) | |
| **Kansas City, Kansas 66104** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **UNIFIED GOVERNMENT OF** | ) | |
| **WYANDOTTE COUNTY** | ) | |
| **701 N. 7TH STREET** | ) | |
| **Kansas City, Kansas 66101** | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff, LISA BAILEY-CARR ("Plaintiff" or "Mrs. Bailey-Carr") by and through counsel, in her Petition for her cause of action against Defendant, UNFIIED GOVERNMENT OF WYANDOTTE COUNTY ("Wyandotte" or "Defendant") on claims of discrimination, retaliation, harassment and hostile working conditions. Plaintiff seeks compensatory and punitive damages against WYANDOTTE and states as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff brings this action against WYANDOTTE for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112"), and 42 U.S.C. 2000e *et seq*., 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.* as a result of WYANDOTTE's: a) unlawful denial of Mrs. Bailey-Carr' employment opportunities based on her race, sex, age, and disability ; b) retaliation for reporting wrongful conduct of discrimination and retaliation; and c) engaging in other related lawful acts,

conduct, and practices. Mrs. Bailey-Carr seeks compensatory and punitive damages against WYANDOTTE and states as follows:

2.    The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mrs. Bailey-Carr on the basis of her race, sex, age, and disability with respect to the terms, conditions, and privileges of her employment, and the procedure or manner in which Defendant evaluated Mrs. Bailey-Carr' qualifications for continued employment and advancement opportunities has resulted in prohibited race, sex, age, and disability discrimination and retaliation.

3.    The related acts conduct and practices of WYANDOTTE are a violation of Title VII, §1981, ADA, ADEA, and Kansas common law.

4.    The unlawful conduct of WYANDOTTE, which deprived Mrs. Bailey-Carr of her employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this Petition.

5.    In violation of Title VII, §1981, the ADA, ADEA, and Kansas common law, WYANDOTTE repeatedly and continuously discriminated and retaliated against Mrs. Bailey-Carr for engaging in protected activity, including, but not limited to, her reporting discriminatory behavior of  agents of WYANDOTTE; as well as hostile treatment she received from her managers, supervisors, and co-workers; and by engaging in other conduct protected by law.

6.    Defendant's decision to unjustifiably deny Mrs. Bailey-Carr wages earnings and promotional opportunities was a pretext for unlawful race, sex and disability discrimination, in violation of Kansas common law prohibiting discrimination against any employee.

## **Parties, Jurisdiction and Venue**

7.      LISA BAILEY-CARR ("Plaintiff" or "Mrs. Bailey-Carr") resides at 11653 n. Ewing Avenue, Kansas City, Clay County, Missouri, and is a citizen of the United States of America.

8.      Mrs. Bailey-Carr has been a devoted, loyal and productive employee of WYANDOTTE for about seventeen (17) years from approximately February 2005 through present.  She is a 56-year-old African American female who is disabled as defined by the ADA.

9.      Mrs. Bailey-Carr is employed at WYANDOTTE, located at 701 N. 7th Street, Kansas City, Wyandotte County, Kansas. WYANDOTTE is a municipality within the state of Kansas is an employer within the meaning of the Section 1981, the ADA, ADEA, and Title VII. Therefore, WYANDOTTE has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

10.      At all times during Plaintiff's employment with WYANDOTTE, WYANDOTTE was an "employer" as defined by Title VII and § 1981, specifically 42 U.S.C. § 2000e. WYANDOTTE was engaged in an industry that affected commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every month of Plaintiff's employment with WYANDOTTE.

11.      At all times during Plaintiff's employment with WYANDOTTE, they was an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because WYANDOTTE employed four or more persons in Kansas at all times during Plaintiff's employment.

12.     At all times during Plaintiff's employment with WYANDOTTE, WYANDOTTE was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of her employment with WYANDOTTE.

13.     WYANDOTTE treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

14.     This Court has subject matter jurisdiction over this action pursuant to Article 3, Sections 1 and 6(b) of the Kansas Constitution and Kan. Stat. Ann. 20-301.

15.     This Court has personal jurisdiction over Defendant because this action arises from tortious acts Defendant committed in Kansas.

16.     Venue is proper under Kan. Stat. Ann 60-603 because this cause of action arose in Johnson County, Kansas.

17.     This Court has jurisdiction over the claims set out in this Petition under 28 U.S.C. §1331 because Plaintiff's claims under Title VII and Section 1981, arise under federal law.

18.     This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and would ordinarily be expected to be tried in one judicial proceeding.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

20.     WYANDOTTE is subject to personal jurisdiction in Kansas because WYANDOTTE conducts substantial and ongoing business in Kansas and as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

21.     Mrs. Bailey-Carr seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

22.     Plaintiff filed a charge of discrimination against WYANDOTTE with the Equal Employment Opportunity Commission ("EEOC") on or about June 8, 2020, regarding claims of race, disability, age, and sex discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Petition.

23.     Plaintiff received a Notice of Right to Sue from the EEOC with respect to said charge on November 4, 2021.  Plaintiff filed this action within 90 days of the issuance of said Notice of Right to Sue. (A copy of the charge and right to sue letter is attached as Exhibit A).

24.     Plaintiff has exhausted all her administrative remedies with the EEOC.

25.     Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section 1981, ADA, ADEA, Title VII, and related law.

## FACTUAL ALLEGATIONS

25.     Mrs. Bailey-Carr began working for WYANDOTTE as 911 dispatcher within the Kansas City, Kansas Police Department on or about February 22, 2005.

26.     Mrs. Bailey-Carr had an excellent employment record with WYANDOTTE in the period she worked for Wyandotte prior to the incidents that gave rise to this action.

27.     Mrs. Bailey-Carr believes she has been subjected to race, sex and disability discrimination by her supervisor and managers on numerous occasions during her employment with Wyandotte dating back many years.

28.     After working for Wyandotte for several years, the stress of the job along with the excessive overtime began to take a physical toll on Plaintiff which resulted in her having a miscarriage.

29.     Mrs. Bailey-Carr was often forced to work substantial overtime hours on many occasions being required to return to work within eight (8) hours of being relieved of duty which does not allow for adequate rest and is known as a "double-back."

30.     Mrs. Bailey-Carr disclosed her medical condition that qualifies as a disability under the ADA to her managers in approximately July 2011 and requested FMLA benefits and a reasonable accommodation to assist her in performing her job duties at a high level.

31.     Mrs. Bailey-Carr suffers from chronic migraines

32.     Several of Mrs. Bailey-Carr's coworkers also suffer from chronic migraines due to working conditions at Wyandotte's 911 dispatch center ("911").

33.     In February 2015, Mrs. Bailey-Carr suffered a injury to her left leg that also qualifies as a disability under the ADA and requested a reasonable accommodation to assist her in performing her job duties at a high level.

34.     However, Mrs. Bailey-Carr was denied her accommodation request and not allowed to return to work while she was on crutches or in a walking boot and was forced to exhaust her personal and sick leave.

35.    Even after Mrs. Bailey-Carr returned to work, she requested an accommodation but was denied her request and often targeted for policy violations when she sought the relief requested.

36.    Sometime in 2016, Mrs. Bailey-Carr suffered another work-related injury to her back that qualifies as a disability under the ADA.

37.    Mrs. Bailey-Carr had surgery on her back on or about November 6, 2019.

38.    After Mrs. Bailey-Carr's surgery, she was off work for eight weeks and returned to work on or about January 3, 2020 with restrictions from her doctor of no overtime with ongoing physical therapy.

39.    Wyandotte decided to switch to twelve (12) hour workdays on or about May 9, 2020.

40.    Prior to switching to the twelve (12) hour shifts, Mrs. Bailey-Carr requested an accommodation to remain on her eight (8) limited workday as directed by her physician.

41.    On or about May 7, 2020, Wyandotte management denied the request and required Mrs. Bailey-Carr to obtain a release from her doctor allowing her to work twelve (12) hour shifts and that she would not be allowed to work if she did not obtain a full release from her physician.

42.    On or about May 7, 2020, Mrs. Bailey-Carr was removed from the roster and her position was posted as overtime and management as Mrs. Bailey-Carr what type of time she was going to use for her time off.

43.     Wyandotte began to question Mrs. Bailey-Carr about her worker's compensation claims for the injuries she sustained.

44.     Mrs. Bailey-Carr was marked off the roster several days due to Wyandotte's refusal to accommodate her request.

45.     911 has made numerous accommodations in the past for male employees, causasian employees, and younger female employees who were pregnant.

46.     Mrs. Bailey-Carr was forced to work her scheduled days off in order to be allowed to report to work.

47.     Initially, Mrs. Bailey-Carr was told she would be paid overtime pay when she reported to work on her days off but was then told by Wyandotte management that she would only be paid straight time.

48.     On or about June 4, 2020, Wyandotte forced Mrs. Bailey-Carr to accept a part-time position because she cannot physically work the twelve (12) hour shifts.

49.     On June 5, 2020, Wyandotte management tried to force Mrs. Bailey-Carr to apply for the part-time position although she had been given an ultimatum of accepting the position in order to continue working in 911.

50.     On or about June 6, 2020, Mrs. Bailey-Carr reported that she felt that she was being discriminated against when she received her six month review.

51.     On or about June 8, 2020, Mrs. Bailey-Carr had a meeting regarding her complaint discrimination with management.

52.    On June 11, 2020, Mrs. Bailey-Carr transitioned to a part-tine position as required by Wyandotte.

53.    On or about June 22, 2020, Mrs. Bailey-Carr was forced to come into internal affairs for an interview without the opportunity to bring representation.

54.    Mrs. Bailey-Carr was ordered to train a new employee in 911 on or about June 27, 2020.

55.    However, Mrs. Bailey-Carr did not receive all or part of her compensation she was entitled to.

56.    On or about July 26, 2020 Mrs. Bailey-Carr was notified of Covid exposures in the workplace but was not informed that she could have been a close contact with a employee who tested positive.

57.    On August 5, 2020 Mrs. Bailey-Carr learned that a younger male employee who had been off for a extended period of time but was still being compensated was allowed to retire with full benefits.

58.    On or about December 23, 2020 Mrs. Bailey-Carr noticed that a white, younger female employee was allowed to work eight hour shifts due to her pregnancy.

59.    Further, Mrs. Bailey-Carr was forced to work outside her job duties due to shortages but was not provided proper compensation or benefits.

60.    On or about March 2, 2021, Mrs. Bailey-Carr was placed back on full-time status without explanation then her work schedule changed.

61.    Mrs. Bailey-Carr was then forced to try and take on extra duties after being out for such an extended period and was not given an opportunity to train when requested.

62.    Mrs. Bailey-Carr has been denied benefits such as seniority of vacation planning.

63.    Mrs. Bailey-Carr has been utilizing the EAP program due to stress and anxiety from the job.

64.    Mrs. Bailey-Carr suffered lost wages and benefits from WYANDOTTE, for past and future earnings she would have been entitled to and received, but for her discriminatory and unlawful loss of earnings and promotional opportunities.

65.    In addition to the severe economic loss, Mrs. Bailey-Carr has also suffered significant anxiety because of WYANDOTTE's unlawful treatment towards her.

66.    WYANDOTTE was required by law to engage in the process of identifying the precise limitations resulting from Mrs. Bailey-Carr' medical condition and potential reasonable accommodations which could overcome those limitations and would have allowed for Mrs. Bailey-Carr' continued employment.

## COUNT I-
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count I, of Plaintiff's cause of action for discrimination states:

67.    Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

68.     WYANDOTTE subjected Mrs. Bailey-Carr to harassment and discrimination because of Mrs. Bailey-Carr' sex.

69.     WYANDOTTE sexually discriminated against Mrs. Bailey-Carr by denying her employment opportunities and wage earnings she would otherwise be entitled to during medical leave of absence and refusing to provide a reasonable accommodation to Mrs. Bailey-Carr while she was suffering from her disability.

70.     Mrs. Bailey-Carr' sex was a motivating factor of the discrimination and harassment Mrs. Bailey-Carr' experienced from Defendant.

WHEREFORE, Plaintiff prays for the Court to find that WYANDOTTE have violated 42 U.S.C. 2000 *et seq.* ("Title VII") and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II-
### Prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")

COMES NOW, the Plaintiff, and for Count II of Plaintiff's Petition for prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112") against WYANDOTTE alleges and states as follows:

71.     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

72.     Plaintiff was disabled during her employment which temporarily limited her ability to perform some of her duties.

73.     Plaintiff's disability required her to make frequent visits to her healthcare provider, which sometimes conflicted with Plaintiff's work schedule.

74.     Plaintiff sought reasonable accommodation to modify the strenuous aspects of her duties, but was denied by supervisor, who subjected Mrs. Bailey-Carr to countless acts of discrimination, retaliation, and harassment.

75.     On the contrary, Plaintiff's non-disabled co-workers were treated more favorably than Plaintiff.

76.     Despite Plaintiff's disability, she executed her role to the highest of her abilities and functioned at a high level of productivity at WYANDOTTE.

77.     As a result of Plaintiff's disability, Plaintiff was subjected to an adverse employment action in that she was denied employment opportunities and wage earnings she would otherwise be entitled to by WYANDOTTE.

WHEREFORE, Plaintiff prays for judgment against WYANDOTTE on Count II of Plaintiff's Petition, for a finding that Plaintiff has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §12112, as amended,  for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

### COUNT III-
### Prohibited Race Discrimination in Violation of 42 U.S.C. §1981 and in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)

COMES NOW, Plaintiff, and for Count III of Plaintiff's Petition, her cause of action for prohibited Race Discrimination (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) against WYANDOTTE alleges and states as follows:

78.     Plaintiff hereby restates and incorporates by reference, every other paragraph set

forth in this Petition as if fully set forth herein.

79.    Plaintiff is an African American/black female citizen of the United States.

80.    During the course and scope of Plaintiff's employment WYANDOTTE representatives, agents, and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on her race.

81.    Despite having no legitimate disciplinary concerns or other performance deficiencies, Defendant denied and continues to deny Plaintiff of employment opportunities.

82.    Plaintiff was hired into and maintained a position for which Plaintiff was qualified.

83.    Defendant through its representatives, agents, and employees engaged in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

84.    Plaintiff was not treated equally with regard to Defendant's application of its workplace policies.

85.    Defendant's application of its workplace policies in regard to Plaintiff were intentional acts of discrimination based on Plaintiff's race in that similarly situated non-African Americans were treated more favorably than Plaintiff.

86.    Defendant finalized/ratified the denial of Plaintiff employment opportunities and wage earnings she would otherwise be entitled to.

87.    Defendant's management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff based on her race.

88.    But for Plaintiff's African American race, Plaintiff would not have suffered discriminatory treatment from Defendant.

89.     The actions and conduct set forth herein were outrageous, showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from  to punish WYANDOTTE and to deter it and others from like conduct.

90.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against WYANDOTTE on Count III of her Petition, for a finding that Plaintiff has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*); for an award of compensatory and punitive damages; equitable relief; for costs expended; reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

### COUNT IV-
### Prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")

COMES NOW, the Plaintiff, and for Count IV of Plaintiff's Petition for prohibited Disability Discrimination in Violation of 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112") against WYANDOTTE alleges and states as follows:

91     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

92.     Plaintiff was disabled during her employment which temporarily limited her ability to perform some of her duties.

93.     Plaintiff's disability required her to make frequent visits to her healthcare provider, which sometimes conflicted with Plaintiff's work schedule.

94.     Plaintiff sought reasonable accommodation to modify the strenuous aspects of her duties, but was denied by supervisor, who subjected Mrs. Bailey-Carr to countless acts of discrimination, retaliation, and harassment.

95.     On the contrary, Plaintiff's non-disabled co-workers were treated more favorably than Plaintiff.

96.     Despite Plaintiff's disability, she executed her role to the highest of her abilities and functioned at a high level of productivity at WYANDOTTE.

97.     As a result of Plaintiff's disability, Plaintiff was subjected to an adverse employment action in that she was denied employment opportunities and wage earnings she would otherwise be entitled to by WYANDOTTE.

WHEREFORE, Plaintiff prays for judgment against WYANDOTTE on Count IV of Plaintiff's Petition, for a finding that Plaintiff has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §12112, as amended,  for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

### COUNT V-
### Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)

COMES NOW, the Plaintiff, and for Count V of her cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

98. Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein every other paragraph of this complaint as if fully set forth herein this Paragraph.

99. Plaintiff is 57-years old at the time she was discriminated and against by Defendant.

100.    Plaintiff was mistreated, targeted and not allowed to work by Defendant because of her age.

101.    Defendant violated the ADEA by constructively discharging and treating Plaintiff in the other manners described herein because of her age.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT VI-
### Prohibited Retaliation (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112")

COMES NOW, the Plaintiff, and for Count VI of her cause of action for Retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. 1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §12112 (Americans with Disabilities Act of 1990), as amended ("§12112") states:

102.    Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition as if fully set forth herein.

103.    Defendant retaliated against Plaintiff by failing to address her claims of discrimination and retaliation.

104.    Plaintiff's protected activity in opposing discrimination was a motivating factor in

Defendant's retaliation.

105.    Mrs. Bailey-Carr has suffered an adverse employment action as a consequence of her engaging in protected activity.

106.    There is a direct causal connection between Mrs. Bailey-Carr' protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that WYANDOTTE have violated 42 U.S.C. §12112 Title VII and §1981 and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

<u>COUNT VII-</u>
**<u>FMLA INTERFERENCE AND RETALIATION</u>**

COMES NOW, the Plaintiff, and for Count VII of her cause of action for interference and retaliation pursuant to the FMLA states:

107.    Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this petition as if fully set forth herein this Paragraph or this count.

108.    Mrs. Bailey-Carr was eligible as an employee of WYANDOTTE for FMLA benefits and WYANDOTTE was an employer as defined under the law.

109.    Mrs. Bailey-Carr engaged in protected activity under the FMLA as described and aforementioned herein this petition.

110.    Mrs. Bailey-Carr was entitled to FMLA leave and provided WYANDOTTE with notice of her intent to take FMLA leave as described herein.

111.    After seeking FMLA leave under her rights as an employee of WYANDOTTE, Mrs. Bailey-Carr was denied FLMA leave by WYANDOTTE, unjustifiably disciplined, targeted, nitpicked, and constructively discharged to name a few.

112.    Any reason for WYANDOTTE's treatment of Mrs. Bailey-Carr was pretextual and unlawful as alleged herein and cannot be justified.

113.    There is a casual connection between the treatment alleged herein by Mrs. Bailey-Carr and her protected activity of seeking FMLA leave.

114.    The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated the FMLA and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees and expert fees, out of pocket expenses, interest, mental and emotional distress; and any other relief this Court makes such other orders as it may deem just and proper in the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i)    Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial

ii)    Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

iii)     Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

iv)     Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as her reasonable attorneys' fees, expert witness fees and other costs; and,

v)      Plaintiff is awarded such other legal and equitable relief as the Court deems appropriate and just.

## JURY DEMAND

Plaintiff, Mrs. Bailey-Carr requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 W. STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**